UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ELIJAH CURTIS SILAS,
       Plaintiff,

v.                                  No. 04-1423

ROBERT McCARTY, et al,
       Defendants.

Before the court are the defendants, ROBERT MCCARTY, LYNN CAHILL-MASCHING, LYNNIA DAWSON, RONALD KENNEDY and RODNEY REED's Summary Judgment Motion [70], DR. NORMAN JOHNSON'S Summary Judgment Motion [73] and the Plaintiff's response thereto.

**Standard**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P.56(c); *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001), *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)*; Herman v. National Broadcasting Co., Inc.*, 744 F.2d 604, 607 (7th Cir. 1984), *cert. denied*, 470 U.S. 1028 (1985). In determining whether factual issues exist, the court must view all the evidence in the light most favorable to the non-moving party. *Beraha v. Baxter Health Corp.,* 956 F.2d 1436, 1440 (7th Cir. 1992). Further, this burden can be satisfied by "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. If such a showing is made, the burden shifts to the non-movant to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Outlaw*, 259 F.3d at 837. A nonmoving party cannot rest on its pleadings, but must demonstrate that there is admissible evidence that will support its position. *Tolle v. Carroll Touch, Inc.,* 23 F.3d 174, 178 (7th Cir. 1994). Credibility questions "defeat summary judgment only '[w]here an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility.'" *Outlaw*, 259 F.3d at 838, *citing* Advisory Committee Notes, 1963 Amendment to Fed. R. Civ. P. 56(e)(other citations omitted).

Fed. Rule Civ. Pro. Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party there is no 'genuine' issue for trial." *Mechnig v. Sears, Roebuck & Co.*, 864 F.2d 1359 (7th Cir. 1988). A "metaphysical doubt" will not suffice. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Disputed facts are material only if they might affect the outcome of the suit. *First Ind. Bank v. Baker,* 957 F.2d 506, 507-08 (7th Cir. 1992). The mere existence of some alleged

factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, *247-248, 106 S.Ct. 2505, 2510 (1986).

## Background

The Plaintiff alleges that Defendants violated his constitutional rights by showing deliberate indifference to his serious medical needs and maintaining inhumane conditions of confinement. Plaintiff has alleged that these violations of his rights occurred on the following dates: June 4, 2004; June 5, 2004; June 6, 2004; June 7, 2004; November 19, 2004; November 20, 2004, November 21, 2004, and November 22, 2004. Defendants have denied Plaintiff's allegations.

## Undisputed Material Facts

1. Defendant ROBERT MCCARTY is the Sheriff of Livingston County (Amended Complaint [21], p. 1).
2. Defendant LYNN CAHILL-MASCHING is the Superintendent of the Livingston County Jail (Amended Complaint [21], p. 1).
3. Defendants LYNNIA DAWSON, RONALD KENNEDY and RODNEY REED are Correctional Officers at the Livingston County Jail (Amended Complaint [21], p. 2).
4. From June 4, 2004 to June 7, 2004, Plaintiff was a pre-trial detainee at the Livingston County Jail (Amended Complaint [21], Paragraph A). That detention ended on June 7, 2004, when Plaintiff posted bond and was released (Amended Complaint [21], Paragraph A).
5. Beginning on November 19, 2004, Plaintiff again was an inmate at the Livingston County Jail (Amended Complaint [21], Paragraph B).
6. On December 10, 2004, Plaintiff filed his original Complaint against Defendants in this matter, along with a Petition to Proceed in Forma Pauperis (Complaint [1]).
7. On January 28, 2005, Plaintiff submitted a written grievance to Defendants, raising seven complaints concerning the conditions of his confinement at the Livingston County Jail (Amended Complaint [21], p. 19).
8. On February 8, 2005, Plaintiff's written grievance dated January 28, 2005 was returned to Plaintiff with the disposition stated thereon (Amended Complaint [21], p. 19).
9. Plaintiff has no specific memory of delivering a written grievance dated November 20, 2004 to Defendants, and he has no knowledge or evidence that any such written grievance ever was received by Defendants (Plaintiff's Deposition [Exhibit A], pp. 87-88).
10. Plaintiff saw Dr. Norman Johnson at the Livingston County Jail in November 2004, and received medication after he was examined by Dr. Johnson (Plaintiff's Deposition, pp. 142-143).
11. At some point in November 2004, Plaintiff complained to the Jail staff that he had a toothache (Plaintiff's Deposition, pp. 78-79; Affidavit of RODNEY REED [Exhibit B], Paragraph 2).
12. Sgt. REED scheduled a dental appointment for Plaintiff upon learning of his complaint, and was advised by the dentist's office that the earliest available appointment with the

dentist was approximately two weeks away (Affidavit of RODNEY REED, Paragraphs 3, 4).

13. Sgt. REED advised Plaintiff that an appointment with a dentist had been scheduled for him, but did not advise Plaintiff of the specific date and time of the appointment due to the security risks associated with sharing that information with a prisoner (Affidavit of RODNEY REED, Paragraphs 6, 7).
14. The original dental appointment that Sgt. REED scheduled for Plaintiff had to be rescheduled due to an unforeseen lack of staff available to transport Plaintiff to the dentist's office at the time of the scheduled appointment, but another appointment immediately was rescheduled for the next opening in the dentist's schedule (Affidavit of RODNEY REED, Paragraphs 5, 8, 9).
15. At some point prior to his dental appointment, Plaintiff pulled his own tooth, then his tooth pain subsided (Plaintiff's Deposition, pp. 83-84, 121).
16. When the time for his scheduled dental appointment arrived, Plaintiff refused to attend the appointment because he already had pulled his own tooth by that point (Plaintiff's Deposition, pp. 79-83; Affidavit of RODNEY REED, Paragraph 10).
17. At the time Plaintiff was an inmate at the Livingston County Jail, the inmate housing areas of the Jail were sprayed by a professional exterminator on at least a monthly basis for insects, including insects of the type that Plaintiff alleges bit him (Affidavit of John Kevin Burke [Exhibit C], Paragraphs 1-7).
18. There is a heating system at the Livingston County Jail, and the Jail building was warm during the time Plaintiff was housed there (Plaintiff's Deposition, p. 93).
19. During the time Plaintiff was housed at the Livingston County Jail, the Jail windows were open, and the open windows allowed air circulation (Plaintiff's Deposition, pp. 91-92, 120).
20. During the time Plaintiff was an inmate at the Livingston County Jail, inmates received three meals per day (Affidavit of Glenda Summers [Exhibit D], Paragraph 3).
21. Throughout the time that Plaintiff was an inmate at the Livingston County Jail, the meals served to inmates at the Livingston County Jail complied with all requirements set forth in the Illinois County Jail Standards for meal and food service at county jail facilities (Affidavit of Glenda Summers, Paragraph 4).
22. Throughout the time that Plaintiff was an inmate at the Livingston County Jail, the Livingston County Jail served a balanced and complete hot meal to inmates at the lunch meal, and served a breakfast generally consisting of toast, dry cereal and milk, and a supper generally consisting of two different kinds of cold sandwiches and cookies (Affidavit of Glenda Summers, Paragraph 6).
23. Throughout the time that Plaintiff was an inmate at the Livingston County Jail, the meals served to adult inmates at the Livingston County Jail provided at least 2000 calories per day (Affidavit of Glenda Summers, Paragraph 8).
24. Throughout 2004 and 2005, the three meals per day served to inmates at the Livingston County provided balanced nutrition, consisting of daily servings of protein, vegetables, fruits and grains (Affidavit of Glenda Summers, Paragraph 9).
25. The plaintiff claims he filed his first grievance dated November 24, 2005.  The grievance attached as an exhibit to his response [75] shows that he signed the grievance on February 7, 2005.  Further, the plaintiff attached an undated memo written to the jail administrator that shows it was received on January 28, 2005.

**Discussion**

The defendants assert that the plaintiff has failed to exhaust administrative remedies as required by 42 U.S.C. §1997(e) with respect his claims, and therefore is barred from pursuing them. The Plaintiff attaches to his Amended Complaint a handwritten written "grievance" dated November 20, 2004, which he claimed in his pleading to have submitted to Defendants (Amended Complaint [21], p. 6, Paragraph C; p. 18). However, Plaintiff admitted in his deposition that he has no evidence that this "grievance" was ever received by any of the staff at the Livingston County Jail, and he has no specific memory of ever delivering it to anyone (Plaintiff's Deposition, pp. 87-88). Defendants have denied that any such grievance was filed (Answer [51], Paragraph C). Plaintiff further attaches to his Amended Complaint a typed "grievance," which Defendants acknowledge was received by Defendant REED on January 28, 2005 – after Plaintiff filed his Complaint in this matter on December 10, 2004 (Amended Complaint [21], p. 19). Plaintiff also attaches to his Amended Complaint copies of written requests for various things, and the responses he received to those requests, but identifies no additional grievances that he allegedly pursued with Defendants (Amended Complaint [21], pp. 20-27).

The Prison Litigation Reform Act requires that a prisoner exhaust his administrative remedies *prior to filing suit*. 42 U.S.C. 1995(e)(a). A suit filed by a prisoner before administrative remedies have been exhausted must be dismissed, even if the prisoner exhausts remedies before judgment. Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 535 (7th Cir. 1999). "The statute gives prisons and their officials a valuable entitlement – the right *not* to face a decision on the merits – which courts must respect if a defendant chooses to invoke it." Id. at 536 (emphasis in original). Here, Plaintiff admits that he has no specific memory of ever delivering the grievance that he prepared in November 2004 prior to filing suit, and that he has no evidence that his "grievance" ever was received by any of the staff at the Livingston County Jail (Plaintiff's Deposition, pp. 87-88). Defendants have denied that the grievance dated November 20, 2004 was filed with them (Answer [51], Paragraph C). The only grievance submitted by Plaintiff to Defendants occurred on January 28, 2005 , after Plaintiff filed his Complaint in this matter on December 10, 2004 (Amended Complaint [21], p. 19; Complaint [1]). Plaintiff cannot raise a genuine issue of fact establishing that he exhausted his administrative remedies prior to filing suit, and the court is obliged to grant summary judgment to Defendants as a matter of law. Perez, 182 F.3d at 534 (improper for the District Court to reach the merits of claims where the defendants demonstrated that the plaintiff had failed to exhaust administrative remedies before filing suit). The plaintiff's own exhibits, the November 20, 2004 grievance signed by the plaintiff on February 7, 2005 and the memo to the jail administrator that shows a receipt date of January 28, 2005, show that he did not exhaust administrative remedies prior to filing this complaint with the district court.

**Conclusion**

The Defendants are entitled to summary judgment in their favor because Plaintiff has failed to exhaust his administrative remedies with respect to the claims he raises in his Amended Complaint.

**It is therefore ordered:**

1. **The defendants are entitled to summary judgment pursuant to Fed. R. Civ. Pro. Rule 56. Pursuant to Fed. R. Civ. Pro Rule 56, the defendants' motion for summary judgment [70] and [73] are allowed. The Clerk of the court is directed to enter judgment in favor of the defendants and against the plaintiff pursuant to Fed. R. Civ. P. 56. The case is terminated in its entirety. The parties are to bear their own costs.**
2. **If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another strike under 28 U.S.C. 1915(g).**

**Enter this 13th day of March 2007.**

/s/ Harold A. Baker
_____
**Harold A. Baker**
**United States District Court**